## The Aachen and Munich Fire Insurance Company
### *v.*
### Andrew Crawford.

*Opinion filed October 25, 1902—Rehearing denied December 9, 1902.*

1. Appeals and Errors—*Appellate Court's recital of facts is conclusive upon Supreme Court.* If the Appellate Court reverses because it finds the facts differently from the trial court and recites its finding in its judgment, such finding is conclusive upon the Supreme Court, and all that court can do is to determine whether the law has been properly applied.

2. Same—*opinion by Appellate Court is no part of the record.* The Appellate Court's recital of facts must be contained in its judgment and not in its opinion, since the latter is no part of the record.

3. Insurance—*cancellation of policy is a question of fact.* Whether a fire insurance policy was canceled before loss or was obtained by fraud by the party for whose use suit was brought are questions of fact, upon which the finding of the Appellate Court is conclusive.

     *Crawford* v. *Aachen and Munich Ins. Co.* 100 Ill. App. 454, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Charles G. Neely, Judge, presiding.

Barger & Hicks, for appellant.

W. W. Gurley, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

J. H. Graham and Andrew Crawford brought assumpsit, for the use of H. G. Stone, on a policy of insurance made by appellant July 17, 1897, for the sum of $1500, upon the property of the St. Joseph Hotel Company, at St. Joseph, Michigan. Attached to the policy was a slip: "Loss, if any, payable to J. H. Graham and Andrew Crawford, as their interest may appear." The plea was the general issue. Afterward the death of Andrew Crawford was suggested, and the cause proceeded in the name of Graham, for the use of Stone. A trial before the court without a jury resulted in a finding and judgment for the defendant. Plaintiff appealed to the Appellate Court for the First District, where the judgment of the circuit court was reversed and a judgment entered for the payment of the amount of the policy, and interest, a finding of the facts being incorporated in the final judgment of that court.

The defense in the court below was a cancellation of the policy before the property was destroyed by fire. The policy contained the provision: "This policy shall be canceled at any time at the request of the insured, or by the company, by giving five days' notice of such cancellation," etc. The trial in the circuit court was before the court without a jury, and the only issue there tried was whether or not the policy had been canceled prior to the loss.

The court, at the instance of plaintiff, among others, held the following proposition of law: "The court holds as a proposition of law that the denial by the insurance company of its liability on July 12, 1898, on the ground that the policy had been canceled, precludes said company, to the extent of the interest of Crawford and Graham, or either of them, from making any then existing defense in this suit except said alleged cancellation." The defendant company submitted no proposition whatever, and on the appeal to the Appellate Court assigned

no cross-errors questioning the correctness of the holding of the trial court on the proposition submitted by the plaintiff.

The Appellate Court found the facts as follows: "At the time of the making and delivery by the appellee of the policy sued on, to J. H. Graham and Andrew Crawford, said Graham and Crawford each had an insurable interest in the property of the St. Joseph Hotel Company, a corporation, both as mortgagees of said property and as stockholders in said corporation. As to the interest of said Graham and Crawford as stockholders in the said corporation said policy was never canceled nor released, but was on January 13, 1899, transferred and assigned to H. G. Stone. Said property was totally destroyed by fire about July 10, 1898, and there is now due on said policy the sum of $1749.50."

On this appeal the appellant company attempts to raise the question of the fraudulent obtaining of the policy sued on, by H. G. Stone, and its counsel say one question in the case is, "Was the policy sued on canceled before the loss by fire?" It is clear that this issue of fact has been settled by the finding and recital by the Appellate Court in its final judgment. We have repeatedly held that where the Appellate Court reverses the judgment of the trial court because it finds the facts, in whole or in part, different from the lower court and recites its finding in its judgment, such finding is final and conclusive upon this court, and all that we can do is to determine whether, upon the facts so found, the law has been properly applied. (*Williams* v. *Forbes,* 114 Ill. 167, and authorities cited on page 171; *Siddall* v. *Jansen,* 143 id. 537; *Lenz* v. *Harrison,* 148 id. 598.) Whether the policy sued on was obtained by H. G. Stone, for whose use the suit is brought, through fraud, is not presented by this record. As we have said, no such issue was submitted to the trial court. It held, upon propositions of law submitted on behalf of the plaintiff, that a recovery could be had by

199—24

him, and no propositions whatever having been submitted by the defendant, and no cross-errors having been filed in the Appellate Court questioning the correctness of the ruling upon the propositions submitted and held on behalf of the plaintiff, it is clear that no questions of law are before us for decision.

Counsel seem to labor under the misapprehension that we may look to the opinion of the court to determine the finding of facts by the Appellate Court; but the law is otherwise. The opinion of the Appellate Court is no part of the record. The recital of fact must be, as it is in this case, a part of the final judgment of that court, and by that we are bound.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*