Henry Posner, et al., as Trustees for Karen L. Posner and Marc S. Posner, d/b/a The Iroquois Co., Plaintiffs-Appellants, v. Firemen's Insurance Company, a New Jersey Corporation Authorized to do Business in the State of Illinois, Transcontinental Insurance Company, a New York Corporation Authorized to do Business in the State of Illinois, Underwriters at Lloyd's, an Illinois Corporation, Defendants-Appellees.

Gen. No. 49,102.

First District, Third Division.

May 7, 1964.

 ██

William Elden, of Chicago, for appellants.

Clausen, Hirsh, Miller & Gorman, of Chicago, for appellees.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the trial court allowing motions to dismiss made by the appellees, hereinafter referred to as defendants, and the Reserve Insurance Company, and entering judgment in their favor.

Defendants and Reserve Insurance Company issued fire insurance policies in varying amounts to Midwest Triangle Paint Works, Inc., covering the contents contained in the one-story brick building located at 7433–35 South Ashland Avenue, Chicago, Illinois. On December 31, 1958, while said policies were in full force and effect, a fire occurred destroying the goods covered thereby. Plaintiffs brought an action on the said policies on July 25, 1961, and the order appealed from was entered on December 12, 1962.

No appeal was prosecuted as to the judgment in favor of Reserve Insurance Company, and it was dropped from the appeal by the rather unconventional method of eliminating the company's name from the heading of the case.

A slip was attached to the policies of Transcontinental Insurance Company and the Firemen's Insurance Company containing the following language:

### Loss Payable Clause

Loss, if any, to be adjusted only with the Insured named herein and payable to the Insured and Iroquois Company, 176 W. Adams Street, Chicago, Illinois, as their respective interests may appear, subject, nevertheless, to all the terms and conditions of the policy.

The policy issued by Underwriters at Lloyd's, London, had a slip attached containing identical language with the exception that the street address of the Iroquois Company did not appear. All three of these slips contained an additional paragraph stating that they were attached to and formed a part of the respective policies. The complaint identified the plaintiffs as "doing business as the Iroquois Company." If plaintiffs have any cause of action, it must depend upon the above mentioned slips, as the name of the Iroquois Company does not appear elsewhere in the policies sued upon, and the individual plaintiffs' names appear nowhere in said policies.

The policies of Transcontinental Insurance Company and Firemen's Insurance Company contain clauses reading,

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss.

The policy of Underwriters at Lloyd's, London, was a warranty policy containing a clause which reads:

### Warranty Clause

Warranted same terms and conditions as and to follow settlements of the policy or policies of the

211

Firemans Insurance Company (hereinafter referred to as the "Warranty Company") and that the Warranty Company has at the time of any loss $7,500.00 (subject only to the reduction by amount of loss not reinstated) on the identical subject matter and risk, and identically the same proportion on each separate part thereof. Warranted that the premium rate charged hereunder is not less than the Warranty Company rate.

This policy is subject without notice to the same conditions, endorsements, assignments and alterations of rates as are, or may be, assumed in the Warranty Company's insurance upon which this policy is based and shall be deemed to include such risks of Lightning and/or Explosion as are included in that insurance.

It is so clear that it is unnecessary to cite authority for the proposition that, under the terms of the "Warranty Clause," the policy of Underwriters at Lloyd's, London, was subject to the same twelve month limitation for the bringing of suit as were the policies of Transcontinental Insurance Company and Firemen's Insurance Company unless said "Warranty Clause" does not sufficiently identify the Firemen's Insurance Company as the "Warranty Company."

■ It is apparent from the record that there is a variance between the name of the "Warranty Company" (Firemans Insurance Company) as set forth in the "Warranty Policy" and that of defendant, Firemen's Insurance Company. Plaintiffs argue that, because of this variance, the one year limitation on the commencement of suit does not apply to the policy of Underwriters at Lloyd's, London. This point was not raised by the plaintiffs until they filed their reply brief in this court, and they cannot now rely upon it. Appellate Court Rule 7–IV, chap 110, sec 201.7,

Ill Rev Stats 1963 (in force at the time of the filing of plaintiffs' reply brief) reads in part as follows:

No alleged error or point not contained in the brief shall be raised afterwards, either by reply brief or in oral or printed argument or on petition for rehearing.

. . . . . .

Reply briefs, if any, shall be confined strictly to the points presented by the brief of the appellee.

Since this point was raised in direct violation of the quoted portion of the rule, we will not consider it.

On January 6, 1960, more than one year after the loss, Midwest Triangle Paint Works, Inc., the named insured, filed action in the Municipal Court of Chicago to recover upon the policies here involved and the policy of Reserve Insurance Company. Upon motion filed by defendants in that case, summary judgments were granted in their favor because of failure on the part of the insured to file suit within the twelve month period allotted by the policies. On Midwest's appeal to this court (Midwest Triangle Paint Works, Inc. v. Firemen's Ins. Co., 36 Ill App2d 65, 183 NE2d 562), we affirmed the ruling of the trial court as to the defendants involved in the present appeal and reversed and remanded as to Reserve Insurance Company because of the existence of a question of fact on the matter of waiver on the part of Reserve.

Plaintiffs, on July 25, 1961, before rendition of this court's decision in the Midwest case, but more than two and one-half years after the loss, filed its own action against the defendants and Reserve Insurance Company on the same insurance policies upon which Midwest Triangle Paint Works, Inc., had based its earlier case. The insurers filed motions to dismiss urging that the plaintiffs, as loss payees, were mere

appointees and were subject to the same defense which defeated the insured in the prior case and, that, at any rate, the present action had not been brought within the twelve month period allotted by the policies for the bringing of a cause of action. Their motions were allowed by the trial court, and the order appealed from was entered on December 12, 1962, such date being after this court's decision in the Midwest case.

Plaintiffs urge (1) that as loss payees they had a contract of insurance with the defendants which was distinct from that which existed between the insurance companies and Midwest Triangle Paint Works, Inc.; (2) that the twelve month limitation for the bringing of a suit applied only to the insured, and (3) that the following language set out in the policies of Firemen's Insurance Company and Transcontinental Insurance Company applied to the plaintiffs:

> If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten day's written notice of cancellation. If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit.

For their first proposition, plaintiffs cite Queen Ins. Co. v. Dearborn Sav., Loan & Building Ass'n, 75 Ill App 371, affd 175 Ill 115, 51 NE 717; Hartford Fire Ins. Co. v. Olcott, 97 Ill 439; Traders Ins. Co. v. Race, 142 Ill 338, 31 NE 392; and Crawford v. Aachen & Munich Fire Ins. Co., 100 Ill App 454, affd 199 Ill 367, 65 NE 134. In the first three cited cases, the policies of insurance contained forerunners of the present day "Stand-

214

ard Mortgage Clause" specifically protecting the mortgagee from any acts or omissions of the named insured. Such a clause is not present in the policies upon which the present suit is based. In the last cited case, the policy contained the following clause, "Loss, if any, payable to J. H. Graham and Andrew Crawford as their interest may appear." The court relied on the following language in the policy in holding that a separate contract of insurance existed between the insurance company and the named loss payees:

> If with the consent of this company an interest under this policy shall exist in favor of a mortgage, or of any person or corporation having an interest in the subject of insurance other than the interest of the insured, as described herein, the conditions hereinbefore contained shall apply in the manner expressed in said provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto.

In the policies before the court there is no such language setting up a separate contractual relation between the insured and any person who with the consent of the insurer has an interest in the policy combined with an independent interest in the subject of insurance.

A loss payable clause similar to the ones involved here was considered by the court in Barwick v. Westchester Fire Ins. Co., 266 Ill App 574. The court at page 577 said:

> "Similar clauses have been construed, where the payee has been the vendor, mortgagee and creditor, and the decided weight of authority is that where the clause, in substance, provides that the loss, if any, is payable to a specified third party, and there are no further provisions in the policy

215

or payment clause, creating a different relation, such person is not a party to the contract, and the clause does not amount to an insurance of the payee's interest in the property. The party designated is merely an appointee to receive the sum which might be recovered by the insured in case of loss, to the extent of the appointee's interest therein. The payee has no direct rights against the insurer, but recovers, if at all, solely in the right of the insured, and only when the latter has a valid and enforceable demand under the policy.

. . . . . .

"Moreover, it has been uniformly held that a loss payable clause, such as the one in question, places the indemnity of the appointee at the risk of every act and omission of the insured that would void, terminate or adversely affect the insurance of the latter's interest under the policy, and that if the insured is guilty of some breach of the covenants or clauses of the contract, which the policy stipulates shall void the insurance, so that the loss is not collectible by him, it likewise will prevent the appointee from recovering upon the loss payable clause."

In essence, the court in the Barwick case held that the loss payee's rights, under a simple loss payable clause, were of a derivative nature and were dependent entirely upon the rights of the named insured. If for some reason the named insured could not collect under the policy, then the loss payee would likewise be unable to collect. Under the loss payble clauses in the instant case, the loss payees are, similarly, simple appointees of Midwest Triangle Paint Works, Inc., the named insured, to receive any payment due it to the extent of their interest in the property.

216

■ In Midwest Triangle Paint Works, Inc. v. Firemen's Ins. Co., 36 Ill App2d 65, 183 NE2d 562, this court held that, under the policies here sued upon, no action having been brought within the time allotted by said policies, the named insured had no right of recovery. Since a loss payee's rights are subject to every act or omission of the insured which would prevent the insured from collecting under the policy, the present plaintiffs are bound by the adjudication of this court denying recovery to the named insured.

■ We will now consider the plaintiffs' second contention to the effect that the twelve month limitation applies only to the named insured. The provisions of the loss payable clauses relied upon clearly state that the rights of the loss payee are "subject, nevertheless, to all the terms and *conditions* of the policy." (Emphasis supplied.) Since the twelve month period, limiting the time within which an action may be brought, is a *condition* of the policies, it is incorporated by reference in the loss payable clause, and the plaintiffs are bound thereby.

Plaintiffs' last contention as to the applicability of the language relating to "designated mortgagees" is without merit. Nowhere in any of the loss payable clauses or elsewhere in any of the policies are the plaintiffs "designated" as mortgagees, and, for that matter, they are not even so identified by their complaint. If they wanted the protection of these provisions, they could have insisted that a "Standard Mortgage Clause" designating them as "mortgagees" be affixed to the policy.

■ It is well settled law that under the provisions of insurance contracts setting up a limitation period of twelve months for the bringing of actions under the policies, the period begins running at the time of the loss, and after the expiration of such period, no suit may be commenced. Midwest Triangle Paint Works,

Inc. v. Firemen's Ins. Co., 36 Ill App2d 65, 183 NE2d 562. Neither the insured nor the Iroquois Company, the loss payee in the instant case, commenced an action within the twelve month period so defined. For this reason and because of the prior adjudication barring the right of the named insured to recover, the defendants' rights being derivative in nature and subject to all defenses available against the named insured, we hold that the trial court was correct in allowing the defendants' motion to dismiss and entering judgment in their favor.

The order and judgment of the trial court are affirmed.

Order and judgment affirmed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.