No. 2--07--0266      Filed:  8-5-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KAREN AURELIUS, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 06--MR--73 |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | Honorable |
| | ) | Michael J. Sullivan, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

After a fire substantially damaged her home, the plaintiff, Karen Aurelius, made a claim under a homeowners insurance policy that the defendant, State Farm Fire and Casualty Co. (State Farm), had issued to her and her husband.  State Farm, finding that the fire was intentionally caused by Aurelius' husband for the purpose of obtaining insurance benefits, denied coverage.  On November 14, 2006, Aurelius filed a first amended three-count complaint against State Farm for declaratory judgment, "damages," and "attorney's fees and punitive damages."  On December 15, 2006, State Farm filed a motion to dismiss pursuant to section 2--619.1 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--619.1 (West 2006)).  On February 14, 2007, the trial court granted State Farm's motion.  Aurelius appeals from this order.  We affirm.

On November 1, 2001, Aurelius and her husband were joint owners of 9 Joseph Court, Lake in the Hills.  On that day, their home was significantly damaged by fire.  On August 19, 2005,

Aurelius' husband was convicted of the felony of arson with intent to commit insurance fraud. State Farm provided a policy of insurance on Aurelius' home. The named insureds on the policy were Aurelius and her husband. On January 12, 2006, Aurelius submitted a claim to State Farm under her homeowners insurance policy to recover losses as a result of the fire.

On March 13, 2006, State Farm sent a letter indicating that it was denying any and all coverage to Aurelius on the claim. In that letter, State Farm explained that, shortly following the fire, Aurelius and her husband notified State Farm of the claim. On November 7, 2001, Aurelius and her husband provided a recorded statement to State Farm. Aurelius' husband was later charged with the crime of arson with the intent to commit insurance fraud in connection with the claim. The parties agreed to hold the claim in abeyance pending the resolution of the criminal charges. Aurelius' husband was later convicted of the charged crime. State Farm explained that it was denying coverage for two reasons. First, the fire was intentionally caused by Aurelius' husband for the purpose of obtaining insurance benefits. The policy provided, in "Section I - Conditions," as follows:

"12. Intentional Acts. If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss."

Accordingly, State Farm denied coverage to Aurelius under this provision of the policy.

Second, State Farm explained that Aurelius' husband intentionally concealed or misrepresented material facts relating to how the fire started. Specifically, State Farm indicated that in his recorded statement, Aurelius' husband denied causing the fire. State Farm concluded that the statement constituted the misrepresentation of material facts. The insurance policy provided, in "Section I and Section II - Conditions":

"2. Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance either before or after a loss."

Accordingly, State Farm denied coverage to Aurelius under this provision of the insurance policy as well.

On November 14, 2006, Aurelius filed a first amended complaint against State Farm. Count I sought a declaratory judgment that her homeowners insurance policy provided coverage for the damage caused by the November 1, 2001, fire. Aurelius alleged that she had no knowledge or participation in any of the alleged insurance fraud and that she was an innocent insured. Aurelius also alleged that the homeowners insurance policy language was ambiguous as to whether coverage was precluded for an innocent insured and that, therefore, she should be provided coverage under the policy. Count II, entitled "Damages," indicated that Aurelius had done all things the policy required in support of her claim and requested damages in an amount covered by the policy, plus her costs of suit. Count III, entitled "Attorney's Fees and Punitive Damages," alleged vexatious and unreasonable conduct pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2006)) and sought attorney fees and other damages.

On December 15, 2006, State Farm filed a combined motion to dismiss pursuant to section 2--619.1 of the Code (735 ILCS 5/2--619.1 (West 2006)). State Farm argued that Aurelius' entire complaint should be dismissed pursuant to section 2--619 (735 ILCS 5/2--619 (West 2006)) because the "Intentional Acts" and "Concealment or Fraud" provisions of the insurance policy unambiguously denied coverage to Aurelius, based on the actions of her husband. State Farm argued that Aurelius'

husband violated the "Intentional Acts" and "Concealment or Fraud" provisions of the insurance policy by committing the felony of arson with the intent to commit insurance fraud.

Alternatively, State Farm argued that counts II and III of Aurelius' first amended complaint should be dismissed pursuant to section 2--615 of the Code (735 ILCS 5/2--615 (West 2006)) for failure to properly plead. With respect to count II, entitled "Damages," State Farm argued that there was no such recognized cause of action in Illinois. State Farm also argued that, to the extent Aurelius was attempting to state a cause of action for breach of contract, the allegations were insufficient to state such a claim. With respect to count III, entitled "Attorney's Fees and Punitive Damages," State Farm argued that Aurelius failed to plead sufficient facts to establish vexatious and unreasonable conduct under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2006)) and that punitive damages were not recoverable in a breach of contract action.

On February 14, 2007, following a hearing, the trial court determined that the language of the insurance policy unambiguously denied Aurelius coverage under the circumstances. Accordingly, the trial court granted State Farm's section 2--619 motion and dismissed Aurelius' first amended complaint in its entirety. The trial court also noted that, had it not granted the section 2--619 motion, it would have granted the section 2--615 motion to dismiss counts II and III because Aurelius failed to properly plead her causes of action. Aurelius filed a motion to reconsider and clarify the order. On March 1, 2007, the trial court denied the motion to reconsider and clarified that the innocent insured doctrine was not applicable to the policy in this case. Thereafter, Aurelius filed a timely notice of appeal.

On appeal, Aurelius argues that (1) the trial court erred in granting the section 2--619 motion to dismiss her complaint because the language of the insurance policy is sufficiently ambiguous such

that the innocent insured rule should have been invoked to provide her coverage; and (2) the trial court erred in indicating that it would have granted the section 2--615 motion to dismiss counts II and III of her first amended complaint.

Section 2--619.1 of the Code provides that motions prescribed by section 2--615, section 2--619, and section 2--1005 may be filed together as a single motion but that such a combined motion must be divided into parts that are limited to and specify the single section of the Code under which relief is sought. 735 ILCS 5/2--619.1 (West 2006). A section 2--615 motion attacks the legal sufficiency of the plaintiff's claims, while a section 2--619 motion admits the legal sufficiency of the claims but raises defects, defenses, or other affirmative matter, appearing on the face of the complaint or established by external submissions, that defeats the action. Zahl v. Krupa, 365 Ill. App. 3d 653, 657-58 (2006). Where a claim has been dismissed pursuant to section 2--619, the questions presented are whether there is a genuine issue of material fact and whether the defendant is entitled to judgment as a matter of law. Illinois Graphics Co. v. Nickum, 159 Ill. 2d 469, 494 (1994). When reviewing a trial court's disposition of a motion to dismiss filed under either section 2--615 or section 2--619, the reviewing court accepts all well-pleaded facts as true and makes all reasonable inferences therefrom. Zahl, 365 Ill. App. 3d at 658. A dismissal under either section 2--615 or section 2--619 is reviewed de novo. Zahl, 365 Ill. App. 3d at 658.

The construction of the provisions of an insurance policy is a question of law, subject to de novo review. Nicor, Inc. v. Associated Electric & Gas Insurance Services Ltd., 223 Ill. 2d 407, 416 (2006). Insurance policies are subject to the same rules of construction applicable to other types of contracts. Nicor, 223 Ill. 2d at 416. A court's primary objective is to ascertain and give effect to the intention of the parties as expressed in the agreement. Nicor, 223 Ill. 2d at 416. In performing that

task, the court must construe the policy as a whole, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract. Nicor, 223 Ill. 2d at 416.

Moreover, the terms of an insurance policy must be read according to their plain and ordinary meaning, and a court should not search for an ambiguity where there is none. Allstate Insurance Co. v. Smiley, 276 Ill. App. 3d 971, 977 (1995). In determining whether the terms of a policy are ambiguous, we consider not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. Smiley, 276 Ill. App. 3d at 977. All provisions of the policy should be read together to aid the interpretation and to determine whether an ambiguity exists. Smiley, 276 Ill. App. 3d at 977. Ambiguous provisions or equivocal expressions whereby an insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured. Smiley, 276 Ill. App. 3d at 977. Nonetheless, if the provisions of the policy are clear and unambiguous, there is no need for construction and the provisions will be applied as written. Smiley, 276 Ill. App. 3d at 977.

Aurelius' first contention on appeal is that the trial court erred in granting State Farm's section 2--619 motion to dismiss, because the language of the insurance policy is sufficiently ambiguous such that the innocent insured rule should have been invoked to provide her coverage. The most recent Illinois decision applying the innocent insured doctrine is Wasik v. Allstate Insurance Co., 351 Ill. App. 3d 260 (2004). In Wasik, a fire destroyed the plaintiff's garage. Wasik, 351 Ill. App. 3d at 261. The plaintiff made a claim under a homeowners insurance policy that the defendant had issued to him. Wasik, 351 Ill. App. 3d at 261. The defendant denied coverage because the plaintiff's stepson intentionally started the fire. Wasik, 351 Ill. App. 3d at 261. The plaintiff did not dispute that, as a

resident of the household, his stepson was an insured under the policy. Wasik, 351 Ill. App. 3d at 264. The plaintiff filed a complaint for breach of contract, alleging that the defendant's denial of coverage was a breach of the insurance policy. Wasik, 351 Ill. App. 3d at 261.

The defendant raised, as affirmative defenses, that the fire was the intentional act of an insured and that the stepson made material misrepresentations regarding the circumstances of the loss. Wasik, 351 Ill. App. 3d at 261. Each party moved for summary judgment. Wasik, 351 Ill. App. 3d at 261. The trial court granted the defendant's motion for summary judgment. Wasik, 351 Ill. App. 3d at 263. On appeal, the plaintiff argued that, as an innocent insured, he was entitled to recover under the policy despite the alleged wrongdoing of his stepson. Wasik, 351 Ill. App. 3d at 264. The general policy declarations stated, in relevant part:

" 'We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance.' " (Emphasis omitted.) Wasik, 351 Ill. App. 3d at 265.

Furthermore, the exclusions section indicated:

" 'We do not cover loss to the property described *** consisting of or caused by:

* * *

9. Intentional or criminal acts of or at the direction of any insured person, if the loss that occurs:

a) may be reasonably expected to result from such acts; or

b) is the intended result of such acts.' " (Emphasis omitted.) Wasik, 351 Ill. App. 3d at 265.

In making its determination as to whether the innocent insured doctrine was applicable, the Wasik court discussed the leading Illinois decisions applying that doctrine: Economy Fire & Casualty Co. v. Warren, 71 Ill. App. 3d 625 (1979), West Bend Mutual Insurance Co. v. Salemi, 158 Ill. App. 3d 241 (1987), and State Farm Fire & Casualty Insurance Co. v. Miceli, 164 Ill. App. 3d 874 (1987). Wasik, 351 Ill. App. 3d at 265-66. The Wasik court noted that, in Economy, the court determined that the wrongdoing of a coinsured, a wife who had committed arson, could not be imputed to an innocent insured, her husband, because the insurer did not make the terms of the policy express in that regard. Wasik, 351 Ill. App. 3d at 266, citing Economy, 71 Ill. App. 3d at 629. The Wasik court noted that the Economy court did not cite the policy provision it was interpreting. Wasik, 351 Ill. App. 3d at 266.

In Salemi, the policy at issue provided that it was " 'void if any insured ha[d] intentionally concealed or misrepresented any material fact or circumstances relating to his insurance.' " Salemi, 158 Ill. App. 3d at 247. The Wasik court summarized Salemi's holding as follows:

"According to the court, the clause stated neither that the policy was void as to all insureds nor that it was void only as to the guilty insured in the event of some improper behavior. Salemi, 158 Ill. App. 3d at 248. Absent a clear statement that the policy was void as to all insureds, Economy controlled. Salemi, 158 Ill. App. 3d at 249. If the insurer intended both [named insureds] to be barred from recovery in the event of wrongdoing by either one of [the named insureds], then it should have employed policy language that expressly and clearly stated its intent. Salemi, 158 Ill. App. 3d at 249." Wasik, 351 Ill. App. 3d at 266.

Finally, the Wasik court noted that, in Miceli, the court applied the same reasoning to hold that policy language essentially identical to that in Salemi did not preclude a husband and wife from

recovering after their son vandalized property in the family's home. Wasik, 351 Ill. App. 3d at 266. "According to the court, it was reasonable for the husband and wife to have assumed that their rights were not dependent upon those of their children. Miceli, 164 Ill. App. 3d at 881." Wasik, 351 Ill. App. 3d at 266.

After reviewing the foregoing cases, the Wasik court determined that, although the relevant policy provisions could be read as entirely prohibiting coverage for a loss caused by the act or failure to act of "any" insured, "they do not clearly state that the policy will be void or coverage will be excluded as to all insureds in the event of some improper behavior by 'any' insured." Wasik, 351 Ill. App. 3d at 266. The Wasik court concluded that the policy interpretations in Salemi and Miceli governed the interpretation of the exclusions in the policy at issue. Wasik, 351 Ill. App. 3d at 266. Accordingly, the Wasik court held that, as an innocent insured, the plaintiff was entitled to recover the losses he sustained as a result of the fire started by his stepson. Wasik, 351 Ill. App. 3d at 267. The Wasik court reversed the summary judgment in the defendant's favor and granted the plaintiff's motion for summary judgment. Wasik, 351 Ill. App. 3d at 267.

In the present case, based on the holding in Wasik, Aurelius should not be denied coverage unless the language of the insurance policy clearly states that coverage will be excluded as to all insureds in the event of some improper behavior by any insured. See Wasik, 351 Ill. App. 3d at 266. We hold that the plain language of the policy in this case does state that coverage will be excluded as to all insureds in the event of some improper behavior by any insured.

The "Intentional Acts" condition in the present case states that, "if you or any person insured" intentionally causes a loss for the purpose of obtaining insurance benefits, then the policy is void and there is no coverage for "you or any other insured." This policy language unambiguously excludes

coverage for all insureds if any one of the insureds intentionally causes a loss. See, e.g., Reitzner v. State Farm Fire & Casualty Co., 510 N.W.2d 20, 24 (Minn. App. 1993), superseded by statute on other grounds as stated in Border State Bank of Greenbush v. Farmers Home Group, 620 N.W.2d 721, 723 (Minn. App. 2000) (finding that the identical policy language excludes coverage for all insureds if any one of the insureds intentionally causes a loss).

Aurelius argues that this sentence can be construed to mean that, if she procures a loss, then the policy is void as to her but not as to another insured. Additionally, she argues that the provision could be interpreted to mean that, if any other insured procures a loss, then the policy is void as to that other insured, but not as to her. Such an interpretation is strained at best. We agree that, from Aurelius' perspective, there are two potential actions described in the intentional acts provision: (1) Aurelius procures a loss for the purpose of obtaining insurance benefits or (2) "any person insured under this policy" procures a loss for such purpose. However, the consequence for either action is the same: the policy is void and State Farm will not pay Aurelius "or any other insured" for the loss. Aurelius' attempt to attach a separate consequence to each action is an unreasonable interpretation of the provision.

Additionally, the "Concealment or Fraud" condition states that the policy is void as to "you and any other insured" if "you or any other insured" intentionally conceals or misrepresents any material fact either before or after a loss. This policy language unambiguously excludes coverage for all insureds if any one of the insureds intentionally conceals or misrepresents any material fact either before or after a loss. See, e.g., McEwin v. Allstate Texas Lloyds, 118 S.W.3d 811, 815 (Tex. App. 2003) (finding that similar policy language unambiguously excluded coverage for an innocent insured when another insured had committed fraud relating to the insurance); Amick v. State Farm Fire &

Casualty Co., 862 F.2d 704, 706 (8th Cir. 1988) (same). Similar to the "Intentional Acts" provision, this provision contains two possible actions, but only one consequence. The two actions include: (1) Aurelius intentionally concealing or misrepresenting a material fact or circumstance relating to the insurance; or (2) any other insured doing so. However, once again there is only one consequence: the policy is void as to Aurelius and any other insured.

Thus, unlike the policy provisions at issue in Salemi, Miceli, and Wasik, the "Intentional Acts" provision here states not only that the policy is void due to an intentional act of any insured but also that in such event the insurer will not pay "you or any other insured for this loss." Similarly, the "Concealment or Fraud" provision states not only that the policy is void due to concealment or fraud but further adds that in such event the policy is void "as to you and any other insured." The additional language in these provisions distinguishes this case from Wasik and renders the innocent insured doctrine inapplicable.

Accordingly, it was proper for State Farm to deny Aurelius coverage based on either the "Intentional Acts" or the "Concealment or Fraud" provision of the policy. Coverage was properly denied based on the "Intentional Acts" provision because it is undisputed that an insured, Aurelius' husband, intentionally started the fire that was the basis for the claim. Additionally, it was proper to deny coverage based on the "Concealment or Fraud" provision because it is undisputed that Aurelius' husband made a recorded statement in which he denied starting the fire. Thus, the trial court did not err in granting State Farm's section 2--619 motion to dismiss Aurelius' first amended complaint.

In so ruling, we note that Aurelius argues that certain language in section II of the policy, entitled "Liability Coverages," renders the policy ambiguous as to innocent insureds. Specifically, she points to the following contained in "Section II - Exclusions":

"1. Coverage L [personal liability] and Coverage M [medical payment to others] do not apply to:

a. bodily injury or property damage:

(1) which is either expected or intended by the insured; or

(2) which is the result of willful and malicious acts of the insured[.]"

Aurelius argues that, since the foregoing excludes from coverage only property damage that is intended by "the insured," it excludes coverage only for the insured who caused the property damage. Additionally, she points to language contained in "Section II - Conditions":

"2. Severability of Insurance. This insurance applies separately to each insured. This condition shall not increase our limit of liability for any one occurrence."

Aurelius argues that this severability clause indicates that the acts of one insured cannot be imputed to an innocent co-insured. We disagree.

The policy in the present case is divided into two sections: "Section I - Your Property" and "Section II - Your Liability." The plain language of the policy indicates that section I covers the insured's dwelling and personal property in the event of accidental physical damage or loss. Section II covers the insured's personal liability if a claim is made or suit brought against an insured for bodily injury or property damage "caused by an occurrence." These two sections of the policy provide different types of coverage. See Emerson Electric Co. v. Aetna Casualty & Surety Co., 352 Ill. App. 3d 399, 434 (2004) (explaining that, with respect to "first-party" insurance, the insurer is to pay money due under the policy upon the happening of physical harm or property damage to the insured, whereas "third-party" insurance insures against the possibility of legal liability due to damages sustained by a third party).

In the present case, Aurelius' claim against State Farm is based on section I of the policy, covering property damage to her home. Accordingly, the language in section II as to liability coverage is completely unrelated to the present claim and cannot be used to create any ambiguity in the coverage at issue. Aurelius' contention to the contrary is, therefore, without merit.

Finally, because we have determined that the trial court properly dismissed the entire claim on State Farm's section 2--619 motion, we need not address Aurelius' claim that the trial court erred in indicating that, if the section 2--619 motion had failed, counts II and III would have been dismissed pursuant to section 2--615 of the Code.

For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

HUTCHINSON and JORGENSEN,[1] JJ., concur.

---

[1]After issuance of a Rule 23 Order in this case, Justice Callum retired. State Farm filed a motion to publish. Justice Jorgensen was thereafter assigned to the panel. Justice Jorgensen has reviewed the briefs and the disposition, and concurs in the disposition. Justice Callum's name is hereby removed from the disposition and the disposition is amended to reflect Justice Jorgensen's concurrence.