PETER ANEST *et al.*, Plaintiffs-Appellants, v. RICHARD BAILEY, Defendant-Appellee (State Bank of Antioch, as Trustee, *et al.*, Defendants).

Second District No. 2—89—0776

Opinion filed June 12, 1990.

REINHARD, J., dissenting.

John C. Baumgartner, of Churchill, Baumgartner & Phillips, Ltd., of Grayslake, for appellants.

Peter G. Kamberos, and Maria Pappas, of Kamberos & Pappas, Ltd., both of Chicago, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiffs, Peter and Thalia Anest, appeal from the trial court's denial of their motion to reconsider the trial court's earlier order granting summary judgment for defendant, Richard Bailey. On appeal, plaintiffs contend that their failure to timely deposit additional earnest money with defendant did not constitute a material breach of the parties' real estate sales agreement and did not operate to excuse defendant's specific performance under the agreement. Plaintiffs further contend that it may be reasonably inferred from the evidence that defendant waived the agreement's "time is of the essence" provision.

The record on appeal establishes the following undisputed facts. The parties agreed that plaintiffs would purchase 208 acres of land located in Lake County from defendant for $5,400 per acre. Plaintiffs included these and other terms in a preprinted form entitled "Contract to Purchase Real Estate." The contract, dated October 31, 1988,

in its upper right-hand corner, provided the following clause pertaining to plaintiffs' deposit:

> "The earnest money submitted herewith is $10,000.00 in the form of (cash) (check). Earnest money to be increased to 5% of the purchase price within 5 days after the date of acceptance, shall be held in escrow by R. Bailey ***. Said initial earnest money shall be returned and this contract shall be void if not accepted on or before Nov. 10, 1988." (The underlining indicates completed blanks in the preprinted form or the parties' alteration of a preprinted term.)

Paragraph seven of the contract provided that the closing would take place "within 60 days of contract acceptance." Plaintiff Peter Anest (Anest) and defendant signed the contract in the spaces provided for the buyer's and seller's signatures at the bottom of the page; however, defendant failed to fill in the blank provided for the date of his acceptance and did not otherwise date his signature. The reverse side of the preprinted contract form contained 14 additional preprinted terms, including paragraph (I)(5), which stated, "[t]ime is of the essence of this contract."

Although plaintiffs apparently submitted their initial $10,000 deposit to defendant at the same time Anest executed the contract, defendant did not receive the additional deposit of $50,000 until sometime after November 22, 1988. On November 28, 1988, defendant returned plaintiffs' additional deposit and informed them that he refused to proceed with the sale. Six weeks later plaintiffs filed their complaint in the instant cause seeking defendant's specific performance.

In their complaint, plaintiffs alleged that the parties entered into the real estate contract on or about November 10, 1988, and that they tendered the additional deposit to defendant on or about November 22, 1988. In his answer, defendant claimed insufficient knowledge with regard to the first date and denied the second date. He did admit, however, that he received plaintiffs' check on November 25, 1988.

Defendant filed a motion for summary judgment along with his answer and a counterclaim to quiet title. In his motion, defendant argued that plaintiffs were not entitled to specific performance because they had failed to comply with the contract's terms by failing to submit their additional earnest money within five days of defendant's acceptance and time was of the essence of the contract. Defendant alleged that the parties had entered into the contract on November 8, 1988, thus requiring plaintiffs' additional earnest money to be re-

ceived by him by November 13, 1988. Defendant's affidavit in support of his motion for summary judgment stated that Anest called him on November 14, 1988, and told him that plaintiffs would not comply with the contractual terms and they would not deposit the required additional earnest money. Defendant further stated that Anest requested the preparation of a new contract which defendant claimed he rejected.

Anest's counteraffidavit alleged that he had a telephone conversation with defendant "within five days of the receipt of the contract," at which time Anest told defendant that he would prefer to substitute defendant's attorney for defendant as the escrow agent. Anest alleged that defendant gave him his attorney's name and did not voice any objections to the proposed change. Anest further alleged that he tried to call defendant's attorney, Gabriel Barrafato, a number of times but never spoke to him, and attorney Barrafato never returned his calls. Anest then sent the additional earnest money directly to defendant on November 22, 1988. Anest claimed that defendant never made any demands on plaintiffs for the balance of the earnest money. Further, Anest denied ever telling defendant that he would not comply with the contract or that he ever refused to pay the additional deposit. Anest also denied that he ever requested the preparation of a new contract.

Gabriel Barrafato, defendant's attorney, also prepared an affidavit which defendant filed in support of his motion for summary judgment. Attorney Barrafato alleged that he spoke with Anest on November 18, 1988, at which time Anest told Barrafato that he wanted to change the contract and to deposit the additional earnest money with Barrafato instead of with defendant. Barrafato alleged that he informed Anest that he lacked the authority to change the contract or to accept plaintiffs' money on behalf of defendant.

In a supplemental memorandum, defendant alleged that the pleadings established certain uncontroverted facts, including the fact that the parties had entered into the real estate contract on November 7, 1988. Defendant further alleged that Anest's affidavit was a "6th paragraph Affidavit," which consisted only of legal conclusions or inadmissible factual statements asserted without a proper foundation. Defendant argued that Anest's affidavit failed to demonstrate that Anest, the affiant, had personal knowledge of the facts stated therein and would be able to testify to such statements.

The parties did not submit any additional evidence or testimony. On the basis of the pleadings and the affidavit, the trial court granted defendant's motion and entered summary judgment in favor of

defendant. Plaintiffs timely sought reconsideration of the order which the trial court denied. The court did, however, clarify its earlier order and stated that it had entered summary judgment for the defendant based on the following reasons:

"(a) Plaintiff admitted that he was in default *** and that he was two weeks late in depositing additional earnest money; (b) the affidavit attached to plaintiff's response to the Motion for Summary Judgment does not raise a genuine issue of material fact as to any modification or waiver of contract provision or any estoppel. ***; (c) the contract term requiring additional earnest money by a date certain was not complied with and the time of the essence clause made that term an essential contract term; (d) there was no request in the complaint for return of earnest money."

Plaintiffs' timely appeal ensued.

■ The sole issue presented on appeal is whether the trial court erred in concluding that defendant was entitled to judgment as a matter of law due to plaintiffs' tardy tender of their additional earnest money and the contractual provision stating time was of the essence of the contract. Our review of the record on appeal leads us to the conclusion that there exists a genuine issue of material fact, namely, whether the parties intended the "time is of the essence" provision as an essential contractual term or, in the alternative, whether defendant waived the time provision. Thus, the trial court granted defendant's motion for summary judgment in error.

■ The rules and procedures governing motions for summary judgment are clear and well established in the State of Illinois. Most important is the fact that summary judgment is a drastic and extraordinary remedy and, as such, must be granted only when the movant's right to judgment as a matter of law is absolutely clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240; *Allstate Insurance Co. v. Tucker* (1989), 178 Ill. App. 3d 809, 812.) The trial court's task is to determine whether issues of fact which are material to the dispute exist, but not to try those issues (*Purtill*, 111 Ill. 2d at 240); further, summary judgment should be granted by the trial court only when it is satisfied that the pleadings, affidavits, and other supporting evidence on file present no genuine issue of material fact. (*Knief v. Sotos* (1989), 181 Ill. App. 3d 959, 962-63; see also Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) The trial court is obligated to construe the record before it most strictly against the movant; conversely, the court must view the record in a light most favorable to the nonmovant. (*Knief*, 181 Ill. App. 3d at 963.) Further, in determining

whether a genuine issue of material fact exists, the court must draw all reasonable inferences from the evidence in favor of the non-movant. *Knief*, 181 Ill. App. 3d at 963; see also *Yakupcin v. Baker* (1980), 83 Ill. App. 3d 624, 627.

■ As we have shown, summary judgment is not a procedural tool intended to be used as a means of weighing conflicting issues of fact. (*Allstate Insurance Co.*, 178 Ill. App. 3d at 812.) Thus, it is stated that a plaintiff opposing a defendant's motion for summary judgment is not required to prove his case, but must simply establish sufficient facts which could arguably support judgment in his favor. (*Williams v. Alfred N. Koplin & Co.* (1983), 114 Ill. App. 3d 482, 487; see also *Knief*, 181 Ill. App. 3d at 963.) In reviewing a trial court's entry of summary judgment, our task is to ascertain whether the trial court correctly concluded that there were no genuine issues of material fact and, if so, whether judgment for the moving party was correct as a matter of law. *International Amphitheatre Co. v. Vanguard Underwriters Insurance Co.* (1988), 177 Ill. App. 3d 555, 571.

Bearing in mind the standard to be applied to motions for summary judgment, we turn to an analysis of the record on appeal. The parties' contract clearly stated that time was of the essence. The contract further keyed the timing of two important events to the date of the seller's acceptance, *i.e.*, the buyers' deposit of additional earnest money was to occur within five days of the seller's acceptance and the closing within 60 days. In spite of the importance of the date of the seller's acceptance, defendant, the seller in this cause, failed to fill in the necessary blank. Further, the parties do not agree on this date; plaintiffs claim that defendant accepted the contract on or about November 10, 1988, and defendant variously alleges that he accepted it on November 7 or November 8, 1988. Thus, plaintiffs' additional deposit was due as late as November 15, or as early as November 12, 1988.

In spite of the conflicting evidence as to defendant's date of acceptance, plaintiffs admit, and the record establishes, that plaintiffs were late in sending the additional earnest money to defendant. The trial court found that the contractual provision setting a date certain for the payment of the additional earnest money was rendered an essential contractual term by virtue of the "time is of the essence" provision. Thus, the trial court concluded that plaintiffs' failure to comply with this term resulted in plaintiffs' material breach of the contract. We do not agree.

■ First, the parties' contract did not call for the deposit of the additional earnest money on a "date certain." Our uncertainty as to

the due date of the additional earnest money belies the trial court's finding in this regard. Further, the court's inquiry cannot end with the mere recitation of contractual language stating that time is of the essence of the contract. As we have previously noted, the extent to which such a contractual provision should be strictly enforced depends upon the parties' intentions, which are to be determined both by the language used in the agreement and the circumstances surrounding the agreement. (See *Hart v. Lyons* (1982), 106 Ill. App. 3d 803, 805; see also *Cantrell v. Kruck* (1975), 25 Ill. App. 3d 1060, 1064.)

> "Even where the contract contains an express clause stipulating that 'time is of the essence,' Illinois courts will inquire into the situation of the parties and the underlying circumstances to determine whether a delay in performance resulted in a 'material breach.' " (*Chariot Holdings, Ltd. v. Eastmet Corp.* (1987), 153 Ill. App. 3d 50, 58.)

Thus, before a court acts to enforce such a provision, it must make a factual determination of the parties' intentions concerning the provision's meaning.

■ From the facts before us, we cannot infer that the parties intended this aspect of their contract to be strictly enforced. Moreover, since defendant failed to specify the date on which he accepted the contract, he cannot insist on a specific date for the deposit of plaintiffs' additional earnest money or for the closing. In this regard, defendant was not entitled to judgment as a matter of law, and the trial court erred in granting his motion.

■ Even if we were to conclude that the parties intended the "time is of the essence" provision of their contract to be strictly enforced, an important fact remains in dispute, namely, did the parties agree to waive or modify this provision? Anest's affidavit suggests that defendant, at the very least, agreed to a modification of or waiver of the explicit terms pertaining to the deposit of plaintiffs' additional earnest money. We reject defendant's characterization of Anest's affidavit as an affidavit which failed to demonstrate the affiant's personal knowledge of the statements contained therein and his ability to testify to such statements. In his affidavit, Anest swore to the content of a telephone conversation he allegedly had with defendant, to his own attempts to call defendant's attorney, and to his own act of sending the additional earnest money to defendant on November 22, 1988. Further, Anest denied making certain statements attributed directly to him by defendant. Clearly, these are all matters within the personal knowledge of the affiant to which he would be able to testify. Further, these allegations, which are disputed by the

affidavits of defendant and his attorney, raise a genuine issue of material fact concerning the parties' modification or waiver of certain contractual terms. In this regard, the trial court's entry of summary judgment for defendant was improper.

For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

UNVERZAGT, P.J., concurs.

JUSTICE REINHARD, dissenting:

As I agree with the entry of summary judgment in favor of defendant, I respectfully dissent. I believe the parties intended to make time of the essence in the contract to purchase real estate. The contract contained an express clause that "time is of the essence." While such a clause may not necessarily be conclusive as to whether a delay in performance constitutes a material breach of the contract (see *Hart v. Lyons* (1982), 106 Ill. App. 3d 803, 805-06), there is, in my opinion, no question of material fact presented here as to whether the parties intended strictly to enforce the "time is of the essence" clause in the contract to purchase real estate.

I am not persuaded that defendant's failure to fill in the date on which he accepted the contract precludes summary judgment in his favor as a matter of law. Although the date of acceptance is critical in determining the date upon which plaintiffs must have deposited the additional earnest money, defendant's failure to fill in the date does not constitute a waiver of the "time is of the essence" clause. The date of acceptance could be established by parol evidence. In fact, the date of acceptance in this case was established by the affidavits as November 10, 1988, at the latest. The additional earnest money was paid to defendant on November 22, 1988. Thus, defendant's failure to date the contract is not a waiver of strict enforcement of the "time is of the essence" clause as the date upon which the earnest money was paid to defendant was clearly outside the five-day provision in the contract.

The majority alternatively posits that even if the parties intended strictly to enforce the "time is of the essence" provision of their contract, there remains a question of material fact as to whether the parties agreed to waive or modify this provision. In this regard, the majority relies on the affidavits of plaintiff, defendant and defendant's attorney. Upon examining the various affidavits, I disagree that they

raise a question of material fact as to whether the parties agreed to waive or modify the "time is of the essence" clause. Although the affidavits address plaintiffs' request to deliver the additional earnest money to defendant's attorney rather than defendant, they are devoid of any reference to the five-day time limit contained in the contract. The fact that plaintiffs sought to make alternate arrangements as to whom delivery of the earnest money was to be made does not, without more, give rise to an inference that the parties intended to alter the five-day provision. The affidavits do not raise a question of material fact as to a waiver or modification of the "time is of the essence" provision, and I would affirm the granting of summary judgment in favor of defendant.