TRUMAN GREEN, d/b/a Tru's West State Lounge and Package Liquors, *et al.*, Plaintiffs-Appellants, v. INTERNATIONAL INSURANCE COMPANY, Defendant-Appellee (Crum and Foster Commercial Insurance Company *et al.*, Defendants).

Second District   No. 2—92—0191

Opinion filed December 23, 1992.

William E. Schirger and David F. Monteleone, both of William E. Schirger & Associates, of Rockford, for appellants.

Thomas H. Boswell, of Hinshaw & Culbertson, of Rockford, and D. Kendall Griffith and Bruce L. Carmen, both of Hinshaw & Culbertson, and Douglas C. Crone, of Tribler & Orpett, P.C., both of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiffs, Truman Green, d/b/a Tru's West State Lounge and Package Liquors, and Tru's, Inc., appeal the order of the circuit court granting summary judgment for defendant International Insurance Company (International). Plaintiffs sued International for damages for its allegedly unreasonable and vexatious delay in paying a claim. (See Ill. Rev. Stat. 1989, ch. 73, pars. 766.6, 767.) On appeal, plaintiffs contend that the court erred in holding that plaintiff could not prove vexatious delay absent a breach of the insurance contract and therefore erred in granting summary judgment to International.

Plaintiff Tru's, Inc., was the owner and operator of a package liquor store, lounge and restaurant in Rockford. Plaintiff Green is apparently the sole shareholder of Tru's, Inc. These entities will be referred to collectively as "plaintiff."

In April 1987, plaintiff purchased from International an insurance policy covering the business premises. The policy provided full coverage, including business interruption insurance.

On March 8, 1988, a fire destroyed the premises. Plaintiff immediately notified the insurance company, which conducted an in-

vestigation. International paid plaintiff $393,000 for the value of the destroyed premises. However, a disagreement developed regarding the amount due plaintiff for lost profits while the business remained closed.

Apparently Green did not draw a salary from the business. His primary compensation was in the form of $3,300 per month which the corporation paid him as rent. The dispute centered around whether these rental payments were a noncontinuing expense, which abated while the business was closed.

On June 21, 1988, an employee of Ordway and Politic, the insurance agency which sold plaintiff the policy, wrote to International stating that Green, Tru's West State Lounge & Package Liquors, and Tru's, Inc., constituted the same entity for insurance purposes.

International retained an accounting firm, which subsequently determined that plaintiff's lost profits for four months amounted to $28,071. The accountants raised a number of discrepancies between their calculations and the figures which plaintiff submitted in his proof of loss. The primary difference was the treatment of the $3,300 monthly rent.

International's attorney wrote to plaintiff's attorney, William Schirger, proposing a settlement of $11,565, which did not include the disputed rental income. Schirger responded with a demand of $60,000. Schirger stated that plaintiff required the funds immediately in order to reopen the business. On November 1, 1988, International raised its offer to $15,165.

Subsequently, the parties began an appraisal process provided for by the insurance policy. Paragraph 10 of the policy provides in relevant part as follows:

> "If the named insured and the Company fail to agree on the amount of the loss, either can demand that the amount of loss be set by appraisal. If either party makes a written demand for appraisal, each shall select a competent independent appraiser. ***
>
> The two appraisers shall select a competent, impartial umpire. If the appraisers are unable to agree upon an umpire within fifteen (15) days, the named insured or the Company may petition a judge of a Court of Record in the state where the insured premises is located to select an umpire."

It is unclear who initially demanded the appraisal process. However, plaintiff appointed Ray Ferguson as his appraiser, and International appointed Mark Leisen as its appraiser. Ferguson and

Leisen had considerable difficulty agreeing on an umpire. Neither party, however, sought to petition the court for the appointment of an umpire as provided for in the policy.

Early in 1989, Schirger wrote several letters to International requesting that the latter move forward with the arbitration process, because plaintiff was in desperate need of the funds to rebuild the business. Schirger expressly accused International of bad-faith dealing and threatened to file suit if some type of resolution was not reached by March 16, 1989.

Plaintiff filed the instant complaint in February 1990. At this time, Schirger stated that plaintiff still wished to settle the matter if possible and the appraisal process was still proceeding, albeit very slowly.

The appraisers did not meet at all during 1990. During this time Leisen cancelled several scheduled meetings. Also, Leisen and Ferguson were unable to agree on the appointment of an umpire. Leisen named several candidates, all of whom turned out to have had some association with International. Ferguson, in turn, suggested that the umpire should be a member of the Winnebago County bar.

On January 23, 1991, International offered a settlement of $46,805. This represented an amount which Leisen felt was owed, but did not include any amount for damages caused by the delay in settlement or for attorney fees. Plaintiff subsequently made a demand of $150,102, which included a 25% penalty, interest, and attorney fees.

Eventually Frederic Brandt was appointed as the umpire. However, at a September 6, 1991, meeting, it was revealed that Brandt was currently representing International in several matters. Retired judge John Sype was then named as the third appraiser. The reconstituted panel met on September 30, 1991, and set plaintiff's damages at $39,000 on the underlying claim for lost income. This figure did not include any amount for damages caused by delay in payment, an alleged lost income opportunity, attorney fees and penalties.

International tendered payment of the $39,000 on the condition that plaintiff execute a general release. Plaintiff's attorney submitted a partial release, which would have preserved plaintiff's claim for bad-faith damages. The insurance company rejected this release and apparently the $39,000 remains unpaid.

International filed a motion for summary judgment, accompanied by the affidavit of Leisen. International contended that it had

fulfilled its contractual obligation by submitting the matter to arbitration and tendering the amount recommended by the arbitrators. International contended that it appointed an appraiser in good faith and was not responsible for any delays in the appraisal process. International pointed out that plaintiff had failed to avail himself of the remedy specified in the policy to expedite the appraisal process.

Plaintiff filed a response. International filed a supplement to its motion, and plaintiff filed a supplemental response. Plaintiff's responses included affidavits of Schirger and Ferguson and essentially stated the facts set forth above.

The court granted International's motion. The court held that the parties submitted the dispute to arbitration and thus "the parties abided by the terms of their contract (allbeit [sic] with much delay, irritation and confusion). Plaintiff has failed to identify nor has the court found any provision of the contract that requires the defendant to pay plaintiff's claim in any amount demanded or within any particular time. The contract has not been breached. There is no material fact to be decided."

Plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that the court erred in granting summary judgment for International. Specifically, plaintiff contends that material issues of fact exist regarding whether International unreasonably and vexatiously delayed settlement of plaintiff's claim.

Summary judgment is a drastic and extraordinary remedy and must be granted only when the movant's right to judgment as a matter of law is absolutely clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240; *Anest v. Bailey* (1990), 198 Ill. App. 3d 740, 744.) In deciding a motion for summary judgment, the trial court is to determine whether issues of material fact are present, but is not to try those issues. (*Purtill*, 111 Ill. 2d at 240.) The trial court should grant summary judgment only when the pleadings, affidavits, and other supporting evidence on file present no genuine issue of material fact. (*Anest*, 198 Ill. App. 3d at 744; Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) The court must construe the record before it most strictly against the movant and in favor of the nonmovant and draw all reasonable inferences in favor of the nonmovant. (*Anest*, 198 Ill. App. 3d at 744-45.) A plaintiff opposing a defendant's motion for summary judgment is not required to prove his case at that stage of the proceedings, but must only establish sufficient facts arguably to support judgment in his favor. (*Williams v. Alfred N. Koplin & Co.* (1983), 114 Ill. App. 3d 482, 487.) Even if the facts are not in dispute, if reasonable persons

could draw conflicting inferences from the undisputed facts, the court should deny summary judgment. *Pyne v. Whitmer* (1989), 129 Ill. 2d 351, 357-59.

On review, when the appellate court is faced with an appeal involving only the propriety of summary judgment, the *de novo* standard of review should be applied. The appellate court, like the trial court, determines whether there is a genuine issue of material fact. *Demos v. National Bank* (1991), 209 Ill. App. 3d 655, 659-60.

There is no question that a fire destroyed the insured premises and that this constituted a covered loss. International promptly paid plaintiff $393,000, representing the value of the premises. The only dispute between the parties concerns the amount of plaintiff's lost income from the interruption of the business. International does not dispute coverage for this item of loss, only the amount of the loss. The primary sticking point was whether the $3,300 monthly rent which the corporation paid to Green was lost income to Green (a named insured under the policy) or a noncontinuing expense for the corporation which should be deducted from any recovery.

Being unable to settle their differences, the parties submitted the dispute to appraisers. As provided by the policy, each party named an appraiser. The two appraisers, however, had difficulty selecting an "umpire," who was to serve essentially as a third arbitrator. A number of scheduled meetings between plaintiff's appraiser, Ferguson, and defendant's appraiser, Leisen, were cancelled, apparently by Leisen. Eventually, an umpire was appointed and the panel determined an appropriate settlement amount. The parties subsequently disagreed regarding the form of the release, and plaintiff has not to date received the settlement amount.

International argues that these facts do not demonstrate any bad faith on its part. It contends that it fulfilled its obligation under the contract by submitting the dispute to arbitration and that there is no evidence that International was responsible for the delay in the arbitration process. International maintains that Leisen was not its agent and that any dilatory conduct by the appraisers cannot be attributed to it as a matter of law.

Plaintiff contends, and we agree, that simply submitting to the appraisal process did not extinguish International's contractual obligation. International still had an obligation to participate in good faith in the appraisal process and may be held liable if it unreasonably delayed that process.

■■ ■ Section 155 of the Illinois Insurance Code provides a remedy for an insured who encounters unnecessary difficulties when an insurer withholds policy benefits. (*Richardson v. Illinois Power Co.* (1991), 217 Ill. App. 3d 708, 711; Ill. Rev. Stat. 1989, ch. 73, par. 767.) Whether the insurer's acts are "unreasonable and vexatious" within the meaning of section 155 is a question of fact, which is discretionary with the trial court. (*Kohlmeier v. Shelter Insurance Co.* (1988), 170 Ill. App. 3d 643, 659.) In determining whether the defendant's conduct was unreasonable and vexatious, the trial court must consider the totality of the circumstances, and on review its discretion will not be disturbed absent an abuse of that discretion. Neither the length of time, the amount of money involved, nor any other single factor is dispositive; rather, it is "the attitude of the defendant which must be examined." (*Norman v. American National Insurance Co.* (1990), 198 Ill. App. 3d 269, 304.) If there is a *bona fide* dispute concerning coverage, delay in settling the claim does not violate the statute. (*Kohlmeier*, 170 Ill. App. 3d at 659, citing *Mohr v. Dix Mutual County Fire Insurance Co.* (1986), 143 Ill. App. 3d 989, 999.) On the other hand, the court may award damages for unreasonable delay even though the insurer pays the full amount due before suit is filed. *Calcagno v. Personalcare Health Management, Inc.* (1991), 207 Ill. App. 3d 493, 504.

Plaintiff does not seriously contend that International's original position concerning the rental payments was unreasonable. We note that the amount ultimately recommended by the appraisal panel fell between the amount originally offered by the insurance company and the amount originally demanded by the plaintiff. This is at least some evidence that the genesis of the dispute, at least, was in good faith. Rather, plaintiff focuses on the lengthy appraisal process, which has consumed approximately four years. He contends that the facts are sufficient to raise an inference that Leisen was International's agent and delayed the proceedings at its behest. We agree.

International contends that Leisen was not its agent, but the record does not support this assertion. The insurance policy provides that each party is to pay the appraiser which it selected. Moreover, Leisen's affidavit states that he "was hired" by International. At the very least, this evidence creates an issue of fact regarding whether Leisen was International's agent during the appraisal process.

Moreover, the trier of fact could reasonably conclude that Leisen intentionally delayed the appraisal process at the behest of International. Affidavits of Ferguson and Schirger state that Leisen repeatedly insisted on naming umpire candidates who currently or formerly had dealings with International. Moreover, throughout 1990, he cancelled a series of meetings at the last minute and usually without explanation.

In *Mohr v. Dix Mutual County Fire Insurance Co.* (1986), 143 Ill. App. 3d 989, a case which neither party cites, the court held that where the defendant ignored repeated attempts by plaintiff to set up a meeting to discuss the dispute, defendant could be found guilty of unreasonable and vexatious delay. (*Mohr*, 143 Ill. App. 3d at 999.) Plaintiff's affidavits could support a similar inference here. We do not consider significant the fact that the alleged delay occurred while defendant was purportedly engaged in an appraisal process called for by the contract. If that were the case, an insurance company could postpone payment of a claim indefinitely by submitting the matter to arbitration and selecting an arbitrator who would then effectively consign the case to oblivion.

In this case, International points out that the policy provided plaintiff with a remedy: he could have petitioned a court to appoint an umpire if the appraisers failed to agree on one within 15 days. Plaintiff failed to avail himself of this remedy. However, this fact alone is not dispositive. The purpose of section 155 is to permit the insured to obtain the amount due him without the expense of going to court.

A defendant moving for summary judgment has the burden of establishing that it has a clear right to judgment as a matter of law. Defendant's motion and supporting documents simply fail to meet that burden. In considering the totality of the circumstances, the court could reasonably conclude that defendant's conduct amounted to unreasonable and vexatious delay in settling plaintiff's claim. Therefore, the trial court erred in granting summary judgment for defendant.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and McLAREN, J., concur.