CHRYSLER FIRST COMMERCIAL CORPORATION, Plaintiff-Appellant, v. STATE FARM INSURANCE COMPANY, Defendant-Appellee.

Second District    No. 2—93—0867

Opinion filed February 14, 1995.

Jonathan L. Carbary, of Roeser, Vucha & Carbary, of Elgin, for appellant.

David C. Lechner, of Bixby, Lechner & Potratz, P.C., of Chicago, for appellee.

JUSTICE RATHJE delivered the opinion of the court:

After filing a prior opinion, a petition for rehearing was filed by the defendant. The petition for rehearing was filed following the retirement of Justice Alfred E. Woodward. Justice S. Louis Rathje

was substituted and has read the briefs and petition. We have withdrawn the original opinion and now file this new opinion in its stead.

Plaintiff, Chrysler First Corporation (Chrysler), appeals from an order of the circuit court of Kane County granting summary judgment on its complaint for declaratory judgment to the defendant, State Farm Insurance Company (State Farm).

In its complaint, Chrysler alleged that on or about June 4, 1990, it financed Steven M. Spano's purchase of a boat and trailer in the principal sum of $27,000. The retail installment contract provided that Chrysler had a security interest in the boat and trailer as well as any insurance proceeds in order to secure payment of the loan. The installment contract required Spano to obtain property insurance on the boat and trailer. The title to the boat listed Chrysler as the first lienholder.

On or about June 22, 1990, Spano completed an application for insurance with State Farm. In completing the application, Spano denied that within the past three years an insurer had cancelled, refused to issue, or refused to renew a boat or automobile insurance policy. Spano also denied having received any tickets for boating or traffic violations. The application listed Chrysler as the "loss payee."

By letter dated July 13, 1990, State Farm notified Spano that it was unable to insure his boat and that the effective date of cancellation was August 17, 1990. It is disputed whether State Farm notified Chrysler of the cancellation of the coverage. On July 31, 1990, Spano's boat and trailer were stolen. Both the police and State Farm were informed of the theft. By letter dated April 2, 1991, State Farm notified Spano that it was rescinding the insurance coverage because Spano had received two speeding tickets, and his boat insurance had been cancelled by Allstate effective July 12, 1990. After State Farm refused to pay Chrysler the policy proceeds for the loss of the boat and trailer, Chrysler brought the present action.

The trial court granted State Farm's motion for summary judgment and denied Chrysler's motion for reconsideration. This appeal followed.

Summary judgment should only be granted when the pleadings, affidavits, and other evidence on file show that there is no genuine issue of material fact such that the movant's right to judgment is absolutely clear and free from doubt. (735 ILCS 5/2—1005 (West 1992); *Green v. International Insurance Co.* (1992), 238 Ill. App. 3d 929, 933.) The standard of review is *de novo*. The appellate court determines whether the trial court's ruling was correct by considering anew the facts and law related to the case. (*Wiseman-Hughes*

*Enterprises, Inc. v. Reger* (1993), 248 Ill. App. 3d 854, 857.) In making this determination, the evidence is to be construed strictly against the moving party and liberally construed in favor of the opponent. (*Crane v. Triangle Plaza, Inc.* (1992), 228 Ill. App. 3d 325, 329.) Even if the facts are not in dispute, if reasonable people could draw conflicting inferences from the undisputed facts, the court should deny summary judgment. *Green*, 238 Ill. App. 3d at 933-34.

■ Chrysler contends, first, that it is not a loss payee but rather a mortgagee. In *Foremost Insurance Co. v. Allstate Insurance Co.* (1992), 439 Mich. 378, 486 N.W.2d 600, the court explained the distinction as follows:

> "In general, there are two types of loss payable clauses, otherwise known as mortgage clauses, contained in insurance policies which protect lienholders. The first type, commonly known as an ordinary loss payable clause, directs the insurer to pay the proceeds of the policy to the lienholder, as its interest may appear, before the insured receives payment on the policy. Under this type of policy, the lienholder is simply an appointee to receive the insurance fund to the extent of its interest, and its right of recovery is no greater than the right of the insured. There is no privity of contract between the two parties because there is no consideration given by the lienholder to the insured. Accordingly, a breach of the conditions of the policy by the insured would prevent recovery by the lienholder.
>
> The second type of loss payable clause is known as a standard loss payable clause. Under this type of clause, a lienholder is not subject to the exclusions available to the insurer against the insured because an independent or separate contract of insurance exists between the lienholder and the insurer. In other words, there are two contracts of insurance within the policy—one with the lienholder and the insurer and the other with the insured and the insurer. Under the standard loss payable clause, the consideration for the insurer's contract with the lienholder is that which the insured paid for the policy itself." *Foremost*, 439 Mich. at 383-84, 486 N.W.2d at 602-03.

See also *Posner v. Firemen's Insurance Co.* (1964), 49 Ill. App. 2d 209.

■ In the case at bar, Chrysler was listed on the application for insurance as "loss payee." The policy that would have issued provided as follows:

> "10. **Loss Payable Clause.** If a loss payee is named in the **Declarations**, any loss payable under Section I shall be paid to you and the loss payee, as interests appear. Loss covered under Section I will be adjusted with you only."

The above language recites the terms of an "ordinary loss payable

clause," not that of a "standard loss payable clause," and therefore Chrysler's rights are limited to those available to the insured in this case. *Posner,* 49 Ill. App. 2d at 217.

Chrysler, however, argues that there is a genuine issue of material fact as to its status under the insurance policy that would have issued. Chrysler points out that the declarations page of the policy refers to "Mortgagee/Lienholder" even though on the same page Chrysler is listed as the "loss payee." Nevertheless, nowhere on the declarations page or anywhere else on the policy is Chrysler referred to as anything other than a "loss payee." We determine, therefore, that no genuine issue of material fact is presented as to Chrysler's status under the policy of insurance.

■ Chrysler next contends that since it never received notice of State Farm's cancellation of the boat insurance policy the cancellation was not effective as to it. However, as a "loss payee," Chrysler was not entitled to notice. (*Vargas v. Nautilus Insurance Co.* (1991), 248 Kan. 881, 887-88, 811 P.2d 868, 873.) Nevertheless, Chrysler relies on section 143.14(a) of the Illinois Insurance Code, which provides as follows:

> "No notice of cancellation of any policy of insurance, to which Section 143.11 applies, shall be effective unless mailed by the company to the named insured and the mortgage or lien holder, at the last mailing address known by the company." 215 ILCS 5/143.14(a) (West 1992).

A similar argument was made in *Gallant v. Lake States Mutual Insurance Co.* (1985), 142 Mich. App. 183, 369 N.W.2d 205. The Michigan court stated as follows:

> "The issue is whether the trial court erred in holding that a loss payee is not entitled to receive the 10-day notice of cancellation of a fire insurance policy which mortgagees must be given under M.C.L. § 500.2832; M.S.A. § 24.12832. The statute states in pertinent part:
>
>> 'If loss hereunder is made payable, in whole or in part, to a *designated mortgagee* not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten days' written notice of cancellation.'
>
> Plaintiffs, as assignees of the loss payee, claim that they were entitled to receive the same 10-day notice that the statute requires an insurer to give a mortgagee. We disagree. The only designated mortgagee, Michigan National Bank-West Metro, had been deleted from the policy at its request. H.C.B. Investment Company was listed only as a loss payee." (Emphasis in original.) (*Gallant,* 142 Mich. App. at 185, 369 N.W.2d at 207.)

The cases relied on by Chrysler are not controlling since none of them involve a party designated as a loss payee.

We conclude that as a loss payee, Chrysler was not entitled to notice of the cancellation of the boat insurance policy.

Finally, Chrysler contends that a genuine issue of material fact exists as to whether State Farm had the right to rescind the boat insurance policy. State Farm responds that as a loss payee, Chrysler cannot maintain an action independently of Spano, the named insured under the policy. There is no dispute that Spano has not brought a suit seeking the proceeds of the policy.

■ In *Posner*, the court held that a loss payee's rights, under a simple loss payable clause, were of a derivative nature and were dependent entirely upon the rights of the named insured. (*Posner*, 49 Ill. App. 2d at 218.) If for some reason the named insured could not collect under the policy, then the loss payee would likewise be unable to collect. (*Posner*, 49 Ill. App. 2d at 217.) The court further held that since the named insured had failed to bring suit within the 12-month statute of limitations, the expiration of the limitations period barred the loss payee's claim as well. However, the court noted as follows:

> "Neither the insured *nor the Iroquois Company, the loss payee* in the instant case, commenced an action within the twelve month period so defined." (Emphasis added.) 49 Ill. App. 2d at 218.

While the foreign jurisdiction cases relied on by State Farm all speak in terms of a loss payee having no separate rights from the named insured, none of them specifically addresses whether the loss payee may maintain an action separate from any action brought by the named insured. The decision in *Posner* would indicate that a loss payee could bring a separate suit but would be subject to the same defenses raised by the insurer as would the named insured.

■ We conclude that the trial court correctly determined that there was no genuine issue of material fact as to Chrysler's status as a loss payee. However, we further conclude that as a loss payee Chrysler may pursue an action separate from that of the named insured but is subject to all the defenses that State Farm could raise against Spano, the named insured. Although Chrysler has raised issues relating to the applicability of section 154 of the Illinois Insurance Code (215 ILCS 5/154 (West 1992)), the trial court's decision was limited to a determination as to Chrysler's status under the policy.

Therefore, we affirm the granting of summary judgment on the sole issue of Chrysler's status as a loss payee and remand this cause for further proceedings consistent with the views expressed in this opinion.

The judgment of the circuit court of Kane County is affirmed and the cause remanded.

Affirmed and remanded.

INGLIS, P.J., and DOYLE, J., concur.