2022 IL App (2d) 220073-U
No. 2-22-0073
Order filed December 13, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DAVID A. BERTHA, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-L-84 |
| | ) | |
| THOMAS ZUBIK, GHOUSE MOHIUDDIN, | ) | |
| JOANNE LANGLEY, and NAINA DESAI, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Thomas Zubik, Ghouse Mohiuddin, Joanne | ) | Honorable |
| Langley, and Naina Desai, Defendants- | ) | Thomas A. Meyer, |
| Appellees). | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court properly dismissed plaintiff's third amended complaint alleging that defendants, staff members of the Elgin Mental Health Center, intentionally caused plaintiff emotional distress by violating various statutes governing his commitment for mental health treatment following a finding of unfitness. Assuming *arguendo* that these statutes implied a private right of action, plaintiff failed to allege that defendants violated the statutes. We affirm the judgment.

¶ 2    Plaintiff, David A. Bertha, appeals from the dismissal, with prejudice, of his third amended complaint. The complaint ostensibly sought recovery for emotional distress caused by violations of various statutes governing the commitment of a criminal defendant whom a court has found unfit to stand trial and ordered to undergo treatment. We affirm.

¶ 3                          I. BACKGROUND

¶ 4    Plaintiff's initial complaint alleged conspiracy to intentionally inflict emotional distress. That complaint named as defendants: (1) Kane County Sheriff's Office, (2) Daily Herald Newspaper, (3) Harry Hitzeman, (4) Corey Hunger, (5)Patrick Gengler, (6) Scott Flowers, (7) Thomas Zubik, (8) Mohammed Ali, (9) Muzhar Khan, and (10) Ghouse Mohiuddin. Plaintiff subsequently filed several amended complaints. The third amended complaint filed November 30, 2021, named as defendants only (1) Zubik, (2) Mohiuddin, (3) Joanne Langley, and (4) Naina Desai. According to the complaint, on January 26, 2017, plaintiff was found unfit to stand retrial for contempt of court. In count I, plaintiff alleged that defendants (whom the third amended complaint implied were on the staff of the Elgin Mental Health Center) failed to timely file a written report pursuant to section 104-17(e) of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/104-17(e) (West 2016)). According to the complaint, the report was due on February 25, 2017, but was not filed until April 11, 2018. Plaintiff alleged that "[t]he report found [plaintiff] unfit to stand retrial for contempt causing him severe emotional distress."

¶ 5    In count II, plaintiff alleged that defendants falsely imprisoned him. According to the complaint, defendants "violated the law when they involuntarily held [plaintiff] in custody from March 26, 2018, until May 5, 2018, for mental health treatment when the law required them to schedule a discharge hearing."

¶ 6    Finally, in count III, plaintiff alleged that defendants attempted to medicate plaintiff without a prescription, causing him severe emotional distress.

¶ 7    Defendants filed a motion under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)) to dismiss the third amended complaint.  The trial court granted the motion, and this appeal followed.

¶ 8                                                      II. ANALYSIS

¶ 9    Section 2-619.1 of the Code permits a party to file a combined motion seeking dismissal under sections 2-615 and 2-619 of the Code.  *Id.* §§ 2-615, 2-619, 2-619.1  "A section 2-615 motion attacks the legal sufficiency of the plaintiff's claims, while a section 2-619 motion admits the legal sufficiency of the claims but raises defects, defenses, or other affirmative matter, appearing on the face of the complaint or established by external submissions, that defeats the action." *Aurelius v. State Farm Fire & Casualty Co.*, 384 Ill. App. 3d 969, 972-73 (2008).  "A dismissal under either section 2-615 or section 2-619 is reviewed *de novo*."  *Zahl v. Krupa*, 365 Ill. App. 3d 653, 658 (2006).

¶ 10    All three counts of plaintiff's third amended complaint seek recovery for alleged statutory violations.  We initially note that a statute will give rise to an implied private right of action when:

"(1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute."  *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 460 (1999).

¶ 11    Plaintiff claims that he met these criteria. On the other hand, defendants claim that the plaintiff has not met the criteria; thus, the court properly dismissed all three counts under section

2-615. Defendants alternatively argue that, even if the statutes in question imply private rights of action, plaintiff has failed to plead facts establishing a right to recovery. Hence, the third amended complaint was still subject to dismissal under section 2-615. As explained below, we agree with defendants' alternative argument, so we need not consider whether, under other circumstances, the statutes plaintiff relies on might give rise to implied private rights of action.

¶ 12　We first consider count I. Plaintiff argues that he has an implied right of action for defendants' failure to adhere to section 104-17(e) of the Code of Criminal Procedure, which provides:

"Within 30 days of entry of an order to undergo treatment, the person supervising the defendant's treatment shall file with the court, the State, and the defense a report assessing the facility's or program's capacity to provide appropriate treatment for the defendant and indicating his opinion as to the probability of the defendant's attaining fitness within a period of time from the date of the finding of unfitness. For a defendant charged with a felony, the period of time shall be one year. For a defendant charged with a misdemeanor, the period of time shall be no longer than the sentence if convicted of the most serious offense. If the report indicates that there is a substantial probability that the defendant will attain fitness within the time period, the treatment supervisor shall also file a treatment plan which shall include:

(1) A diagnosis of the defendant's disability;

(2) A description of treatment goals with respect to rendering the defendant fit, a specification of the proposed treatment modalities, and an estimated timetable for attainment of the goals;

(3) An identification of the person in charge of supervising the defendant's treatment." 725 ILCS 5/104-17(e) (West 2020).

¶ 13    Even assuming, for the sake of argument, that there is an implied private right of action for a violation of section 104-17(e), plaintiff's third amended complaint fails to state a cause of action for a violation of that provision. The alleged violation of the statute was the failure to timely file the required report. However, plaintiff did not allege that he suffered any injury from the delay. Rather, he alleged that "[t]he report found [plaintiff] unfit to stand retrial for contempt causing him severe emotional distress." Thus, according to the complaint itself, the report's substance, not the delay in filing it, caused plaintiff's alleged injury. Again, however, plaintiff alleged no facts indicating that the report's substance violated the statute.

¶ 14    We next consider whether the trial court properly dismissed count II, which alleged that defendants falsely imprisoned plaintiff by failing to hold a discharge hearing.[1] Section 104-23 of the Code of Criminal Procedure (*id.* § 104-23(a), (b)(1), (b)(2)) provides:

"Cases involving an unfit defendant who demands a discharge hearing or a defendant who cannot become fit to stand trial and for whom no special provisions or assistance can compensate for his disability and render him fit shall proceed in the following manner:

(a) Upon a determination that there is not a substantial probability that the defendant will attain fitness within the time period set in subsection (e) of Section 104-17 of this Code

---

[1]At a discharge hearing "[t]he State and the defendant may introduce evidence relevant to the question of defendant's guilt of the crime charged." *Id.* § 104-25(a). If the evidence does not prove the defendant's guilt beyond a reasonable doubt, the trial court enters a judgment of acquittal. *Id.* § 104-25(b).

from the original finding of unfitness, a defendant or the attorney for the defendant may move for a discharge hearing pursuant to the provisions of Section 104-25. The discharge hearing shall be held within 120 days of the filing of a motion for a discharge hearing, unless the delay is occasioned by the defendant.

(b) If at any time the court determines that there is not a substantial probability that the defendant will become fit to stand trial or to plead within the time period set in subsection (e) of Section 104-17 of this Code from the date of the original finding of unfitness, or if at the end of the time period set in subsection (e) of Section 104-17 of this Code from that date the court finds the defendant still unfit and for whom no special provisions or assistance can compensate for his disabilities and render him fit, the State shall request the court:

(1) To set the matter for hearing pursuant to Section 104-25 unless a hearing has already been held pursuant to paragraph (a) of this Section; or

(2) To release the defendant from custody and to dismiss with prejudice the charges against him[.]"

¶ 15    Pursuant to this provision, a discharge hearing must be held, under certain circumstances, at the request of the defendant, the defendant's attorney, or the State.  There is no statutory requirement that the staff of the facility where an unfit defendant has been committed for treatment must schedule a discharge hearing.  Accordingly, count II failed to state a cause of action, and the court correctly dismissed it.

¶ 16    Finally, we consider whether the trial court properly dismissed count III.  Count III alleged as follows:

"Dr. Mohiuddin and Zubik are liable for repeatedly attempting to administer medication to [plaintiff] without a prescription. If mental health services include the administration of psychotropic medication, the physician or the physician's designee shall advise the recipient, in writing, of the side effects, risks, and benefits of the treatment, as well as alternatives to the proposed treatment. 405 ILCS 5/2-102(a-5) (West 2018). In 2015 Dr. Mohiuddin and Zubik attempted to administer medication to [plaintiff] without a prescription causing him severe emotional distress."

¶ 17    In his argument on appeal, plaintiff argues that defendants "violated the law when they failed *to provide the plaintiff* with a written prescription for medication that they *ordered him to take against his will*." (Emphases added.) Plaintiff cites no authority that defendants were required to provide *him* with a written prescription. Arguments without citation to authority are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Moreover, plaintiff's complaint nowhere alleges that he was ordered to take medication against his will. Instead, plaintiff focuses on the statutory requirement that he be advised in writing of "the side effects, risks, and benefits of the treatment, as well as alternatives to the proposed treatment" (405 ILCS 5/2-102(a-5) (West 2018)). However, his complaint never alleges that he was not given that information. Accordingly, the court properly dismissed count III for failure to state a cause of action.

¶ 18                                    III. CONCLUSION

¶ 19    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 20    Affirmed.